## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ABDULKHALIQ M. MURSHID, #226587**                    **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 1:20-cv-00365-BWR**

**ADRIAN KEYS et al.**                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES [33], DENYING PLAINTIFF'S REQUESTS [29] [37] [44] TO AMEND THE COMPLAINT, AND DENYING PLAINTIFF'S MOTION FOR TIME ENLARGEMENT [49]

Before the Court is *pro se* Plaintiff Abdulkhaliq M. Murshid's 42 U.S.C. § 1983 prisoner civil rights complaint alleging unconstitutional conditions of confinement at South Mississippi Correctional Center (SMCI) in Leakesville, Mississippi. Three Motions are before the Court: (1) Plaintiff's "Motion of Contineous [sic] Constitutional Violation" [29], (2) Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies [33], and (3) Plaintiff's Motion for Time Enlargement [49].

Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies [33] should be granted and the remaining claims against the remaining Defendants dismissed without prejudice because Plaintiff did not exhaust available administrative remedies before filing suit. Plaintiff's Response [44] to Defendants' Motion for Summary Judgment, his filing entitled "Continuous Violation of Constitutional Rights" [37], and his "Motion of Contineous [sic] Constitutional Violation" [29] contain requests to amend the Complaint, and those

requests should be denied. Plaintiff's Motion for Time Enlargement [49] is a second request for more time to conduct discovery and should be denied.

## I. BACKGROUND

Plaintiff is proceeding *pro se* and *in forma pauperis*, subject to the Prison Litigation Reform Act (PLRA), which requires pre-suit exhaustion of available administrative remedies. 42 U.S.C. § 1997e(a). Plaintiff is no longer incarcerated, but at the time he filed this lawsuit in December 2020, he was a convicted inmate in the custody of the Mississippi Department Corrections (MDOC) and housed at SMCI. [1], [47]. Plaintiff was housed at SMCI from June 2020 until December 2021. [42], [44-1] at 2.

While an inmate, Plaintiff filed six 42 U.S.C. § 1983 civil rights suits in this Court in less than twelve months. *See Murshid v. Robertson et al*, 3:19-cv-822-FKB (S.D. Miss. filed Nov. 15, 2019) (pending); *Murshid v. Sollie*, 3:19-cv-935-FKB (S.D. Miss. filed Dec. 26, 2019) (dismissed Sept. 12, 2022 for failure to exhaust administrative remedies and failure to state a claim); *Murshid v. Mississippi Bureau of Narcotics et al*, 3:19-cv-885-HTW-LRA (S.D. Miss. filed Dec. 4, 2019) (dismissed July 13, 2020 for failure to state a claim and as frivolous); *Murshid v. King et al*, 3:20-cv-129-RPM (S.D. Miss. filed Mar. 3, 2020) (dismissed Aug. 22, 2022 for failure to exhaust administrative remedies)(notice of appeal filed Sept. 7, 2022); *Murshid v. Keys et al,* 1:20-cv-365-BWR (S.D. Miss. filed Dec. 4, 2020) (this suit); and *Murshid v. Sollie et al*, 3:21-cv-676-HTW-LGI (S.D. Miss. filed Oct. 22, 2021) (pending). So far,

three have been dismissed, with "strikes" expressly assessed in two. *See Sollie,* 3:19-cv-935-FKB and *Miss. Bureau of Narcotics,* 3:19-cv-885-HTW-LRA. [1]

The December 2020 Complaint in this suit was filed about five and a half months after Plaintiff arrived at SMCI. The Complaint advances claims against individuals who were working at SMCI then, consisting of Officer Gladys Cooper, Officer Adrian Keys, Officer Russell Houston, Superintendent Andrew Mills, and Dr. Ronald Woodall. Upon Dr. Woodall's Motion, the claims against him were dismissed for failure to state a claim. [22], [44-1] at 2.

The Complaint alleges that on June 18, 2020, after being searched at intake in the reception area at SMCI, Plaintiff was searched three more times by Officer Cooper within a period of thirty minutes, and she "threw [his] belongings everywhere," while she did not search other inmates. [1] at 5. Plaintiff asserts that Officer Cooper's "motive was because of race and religion because at the time of the search I was wearing the Islamic turban." [7] at 1.

The Complaint asserts that in August 2020, Plaintiff was shaken down and strip searched by Officers Keys and Houston of the Criminal Investigation Division (CID) without cause. [1] at 5. Plaintiff claims "they shook others and took their contraband and told the inmate I was the reason behind all that so the inmates jumped on me and make me pay for their loss and threatened my life if I didn't pay

---

[1] Under the PLRA's "strikes" provision, a strike issues when a prisoner's action is dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). "[A] third strike bars a prisoner from proceeding *in forma* pauperis, unless 'the prisoner is under imminent danger of serious physical injury.'" *Brown v. Megg,* 857 F.3d 287, 288 (5th Cir. 2017) (citing 28 U.S.C. § 1915(g)).

them $20,000." *Id*. Plaintiff claims he "was jumped on and I was threatened to call the officer or medics. I had to pay them their loss approximately 20,000." *Id*. He requests "punitive damages, declatory [sic] damages and money damage" to include damages for emotional distress, mental anguish, and stress. *Id*.

In October 2021, Plaintiff filed a "Motion of Contineous [sic] Constitutional Violation." [29] at 1. In November 2021, Plaintiff filed a document entitled "Continuous Violation of Constitutional Rights." In both, Plaintiff requested to add new claims to his Complaint.

Also in November 2021, Defendants Cooper, Keys, Houston, and Mills filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [33], asserting that the claims in the December 2020 Complaint must be dismissed because Plaintiff did not submit a grievance through MDOC's administrative remedy program (ARP) for any of the claims raised in his Complaint before he filed this suit. Defendants have provided an affidavit from Investigator Joseph Cooley, the custodian of the ARP program, who swears under oath that SMCI's ARP "has not received a grievance from [Plaintiff] concerning being illegally searched. Nor, has the SMCI Administrative Remedy Program received a grievance from [Plaintiff] concerning CID shaking him down and being assaulted by other offenders." [33-1] at 1.

Plaintiff provided the following response to Defendants' Motion for Summary Judgment, supported by his testimony only:

> It is true that the plaintiff didn't write the ARP department – yet the plaintiff wrote the superintendent "Andrew Mills" in hand mail but the

superintendent didn't respond to the hand mail. The plaintiff didn't go through the ARP procedures because the plaintiff's life was in danger and going through ARP will take time. Also it is in the MDOC rules that the prisoner can write or file grievance to the superintendent or the commissioner concerning sensitive matter. Upon the plaintiff's arrival at SMCI, the plaintiff was not given a handbook to learn about the institution's rules. So the ARP was not clear. Also the plaintiff's wife and lawyer called to SMCI, regarding the incident. But the SMCI was not cooperative. Furthermore, the plaintiff himself asked Officers Keys and Houston to be [sic] move him but Officer Keys said "you would stay here to be handled real good." Because the plaintiff did not get a response to his initial grievance, the plaintiff has exhausted.
. . . .

In addition, a plaintiff may also be justified in failing to exhaust the correct procedures because of the officers' threats and intimidations. The plaintiff wrote or filed a grievance just days before the incident and the plaintiff was retaliated by shaking down. Besides, the officers threatened the wife of the plaintiff.

[44] at 2.

In a Declaration submitted as an attachment to his Response, Plaintiff avers that after the searches by Officer Cooper on June 18, 2020, he "complained in person to the captain at duty but nothing was done. Instead, other inmates warned me of complaining about officers because the officers will call and bring K9 to the zone." [44-1] at 2. Again, Plaintiff asked to amend his Complaint. *Id.* at 3-4.

Simultaneous with his Response [44], Plaintiff filed a Motion requesting time to conduct discovery. [45] at 1. Before this Motion was ruled on, Defendants filed a Rebuttal to Plaintiff's Response, emphasizing Plaintiff's acknowledgment that he failed to complete the ARP process and asserting that Plaintiff's letters and other informal means of reporting his grievances were not proper exhaustion. [46] at 1. Defendants maintained that

> Plaintiff's claim that he was not provided instructions or rules regarding the ARP process is wrong. In his Complaint, Plaintiff admits that he knew that SMCI had a grievance procedure. [Doc. 1] at 6-7. Furthermore, Plaintiff has submitted several ARP complaints regarding various issues unrelated to this lawsuit and that occurred at CMCF, all before his time at SMCI.

[46] at 2.

CMCF is Central Mississippi Correctional Facility (CMCF) in Pearl, Mississippi, where Plaintiff was housed prior to SMCI. [44-1] at 2. Defendants attached four grievances to their Rebuttal that Plaintiff filed while at CMCF. The four grievances are dated January 20, 2020; February 11, 2020; March 23, 2020; and April 3, 2020, all within the year prior to Plaintiff filing this suit in December 2020. [46-1, 46-2, 46-3, 46-4].

The Court granted Plaintiff's Motion requesting discovery on February 7, 2020 and allowed him thirty days to provide evidence in support of his Response to Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies. Now pending is Plaintiff's Motion for Time Enlargement [49], which is a second request for discovery.

## II. DISCUSSION

### A. Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies [33]

#### 1. Summary judgment standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences are construed in the light

most favorable to the non-moving party. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

2.  <u>The PLRA's exhaustion requirement</u>

The PLRA provides that an inmate may not sue under federal law until exhausting available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion is an affirmative defense, and the burden is on Defendants to demonstrate that Plaintiff failed to exhaust available administrative remedies. *See Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon,* 596 F.3d at 266. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Id.* "[F]actual disputes concerning exhaustion may be resolved by judges." *Id.* at 271.

The PLRA mandates proper exhaustion, meaning that "prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (citing 42 U.S.C. § 1997e(a)) (quoting *Jones*, 549 U.S. at 218). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v.*

7

*Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). "[M]ere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion." *Butts*, 877 F.3d at 582 (quoting *Dillon,* 596 F.3d at 268). A court has "no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The PLRA contains "one textual exception to its otherwise stringent exhaustion requirement: availability. Inmates who fail to exhaust can proceed in court by showing that administrative remedies were not 'available.'" *Valentine v. Collier*, 978 F.3d 154, 160 (5th Cir. 2020). According to the United States Supreme Court's 2016 decision in *Ross v. Blake*, there are three circumstances under which "an administrative remedy, although officially on the books, is not capable of use to obtain relief": (1) when an administrative procedure operates as a "simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when an administrative scheme is "so opaque that it becomes, practically speaking, incapable of use," such that no ordinary prisoner can discern or navigate the mechanism that exists; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." 578 U.S. 632, 642-43 (2016); *see Valentine,* 956 F.3d at 804. "[W]hile it is a question of law whether administrative remedies qualify as being 'available' under 42 U.S.C. § 1997e(a), availability may sometimes turn on questions of fact." *Dillon,* 596 F.3d at 266.

3. <u>MDOC's two-step ARP</u>

The Court takes judicial notice of the ARP adopted by MDOC, which is posted on its website as Chapter VIII of the Inmate Handbook. *See Boyd v. Gower*, No. 20-60323, 2022 WL 989368, at *1 (5th Cir. Apr. 1, 2022) (taking judicial notice of MDOC's ARP as posted on its website) (citing *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005)).[2]  MDOC's ARP is a two-step process.

> An inmate must file a grievance within 30 days of the complained-of incident. The grievance is reviewed by the prison's legal-claims adjudicator and, if there is an adverse response at the first step, the inmate may appeal to step two. If the inmate disagrees with the step two response, he may sue.

*Wheater v. Shaw*, 719 F. App'x 367, 369-70 (5th Cir. 2018).

> MDOC's ARP contains a method for filing a sensitive matter grievance:

> If the inmate believes that the complaint is sensitive and that [he] would be adversely affected if the complaint became known at the institution or facility, [he] may file the complaint directly to the ARP Director, and the inmate must explain, in writing, the reason for not filing the complaint at the institution/facility.

> If the ARP Director believes that the complaint is sensitive, he shall accept and respond to the complaint. If the ARP Director does not agree that the complaint is sensitive, he shall advise the inmate in writing and return the complaint. The inmate shall then have five days from the date the rejection memo is received to submit [his] request through regular channels, beginning with the first step.

MDOC Inmate Handbook, at 17.

---

[2] https://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx

4.  <u>Plaintiff did not exhaust available administrative remedies</u>

Plaintiff admits "[i]t is true that [he] didn't write the ARP department" but offers many explanations for his failure to complete the ARP. [44] at 2. Plaintiff's counterarguments and supporting declarations about his failure to exhaust are insufficient to defeat summary judgment in favor of Defendants.

a.  <u>Speed of the ARP does not excuse failure to exhaust</u>

Plaintiff's explanation that he did not complete the two-step ARP because his life was in danger, and it would take too long to complete, does not excuse his failure to exhaust. By arguing that the process would take too long, Plaintiff is arguing that the ARP was inadequate, but "inadequate is not a synonym for unavailable." *Valentine,* 978 F.3d at 161. The Fifth Circuit has found that concerns regarding whether a grievance process operates too slowly is "irrelevant under today's PLRA, which 'prevent[s] a court from deciding that exhaustion would be unjust or inappropriate in a given case.' Instead, 'all inmates must now exhaust all available remedies.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1858). "[T]hose remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 739-40 (2001)).

b.  <u>"Hand mail" to Superintendent Mills was not proper exhaustion</u>

Plaintiff submits "it is true that the plaintiff didn't write the ARP department – yet the plaintiff wrote the superintendent 'Andrew Mills' in hand mail but the superintendent didn't respond to the hand mail." [44] at 2. Plaintiff asserts "it is in the MDOC rules that the prisoner can write or file grievance to the superintendent

or the commissioner concerning a sensitive matter." *Id.* Plaintiff has not provided a copy of the "hand mail" he maintains he provided to Superintendent Mills nor described its contents.

The ARP requires that a sensitive matter grievance be submitted "directly to the ARP Director." Plaintiff does not claim that he submitted a grievance directly to the ARP Director. He instead admits that he "didn't write the ARP department" and wrote Superintendent Mills. [44] at 2. Plaintiff's submission of a sensitive matter grievance to the wrong recipient does not qualify as proper exhaustion.

Even if Plaintiff had properly submitted a sensitive matter grievance and received no response, that would not mean that Plaintiff pursued the grievance process to its conclusion. In *Wilson v. Epps,* the Court of Appeals for the Fifth Circuit described how a prisoner can sue if the prison fails to respond to a grievance.

> Section 1997e's exhaustion requirement is satisfied only if the prisoner "pursue[s] the grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process. Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance.

776 F.3d 296, 299-300 (5th Cir. 2015).

When a prisoner does not receive a response to a sensitive matter grievance, he is "entitled to move on to the next step in the process, not to proceed directly to federal court." *McLemore v. Fisher*, No. 1:16CV20-LG-RHW, 2016 WL 4004669, at *3 (S.D. Miss. June 29, 2016) (finding "sensitive ARP was, at best, step one" of the ARP),

report and recommendation adopted, No. 1:16-cv-20-LG-RHW, 2016 WL 3983693 (S.D. Miss. July 25, 2016); *see Walker v. Hunt,* No. 1:17-cv-27-RHW, 2019 WL 1281247, at *4 (S.D. Miss. Mar. 20, 2019) (finding "[t]he mere fact that Plaintiff initiated sensitive issue ARPs does not excuse his failure to complete the administrative remedy process"); *McFadden v. Fisher*, No. 1:15-cv-374-RHW, 2016 WL 6635639, at *3 (S.D. Miss. Nov. 9, 2016) (same).

    c.  <u>No receipt of handbook does not excuse Plaintiff's failure to exhaust</u>

Plaintiff asserts that he was not given the Inmate Handbook upon his arrival to SMCI "to learn about the institution's rules." [44] at 2. "[C]ourts may *not* deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself of the procedures." *Davis v. Fernandez,* 798 F.3d 290, 295 (5th Cir. 2015) (emphasis in original).

Even if Plaintiff did not receive an Inmate Handbook when he entered SMCI, he had utilized MDOC's ARP previously at CMCF. Defendants produced four grievances that Plaintiff filed while at CMCF, within the year before he filed this lawsuit. That Plaintiff had utilized the ARP implemented by MDOC before, albeit at a different MDOC facility, shows that Plaintiff knew MDOC had implemented an ARP. Plaintiff admits that he knew the ARP was used at SMCI because he alleges that he thought it would take too long. Plaintiff admits that he knew the ARP was used at SMCI because he claims he tried to submit a sensitive matter grievance. The uncontested summary judgment evidence establishes that Plaintiff had a fair,

reasonable opportunity to apprise himself of the specific procedures of the ARP while he was at SMCI, and he failed to do so. *See Leggett v. Lafayette*, 608 F. App'x 187, 191 (5th Cir. 2015) (finding even if prisoner "was not informed of the relevant grievance procedure, uncontested record evidence indicates that a specific grievance procedure was in place at the time, its contours were knowable, and no one attempted to dissuade [the prisoner] from using it.").

      d.  <u>Oral complaints were not proper exhaustion</u>

Plaintiff asserts that he "orally talked to my case manger [sic] about the situation. But she said I did not show sign of bad injury." [1] at 8. Plaintiff avers that he "wrote an ARP and complained in person to the captain at duty but nothing was done." [44-1] at 2. Plaintiff had his wife and lawyer both call SMCI about his complaints. [44] at 2. Plaintiff maintains that he "asked Officers Keys and Houston to move him but Officer Keys said, 'you will stay here to be handled real good.'" *Id.* at 3, [44-1] at 3.

These informal complaints to prison officials are not proper exhaustion and do not satisfy the PLRA's exhaustion requirement. *See Ngo*, 548 U.S. at 90–91; *Gillette v. Jackson*, No. 20-60341, 2021 WL 4452783, at *1 (5th Cir. Sept. 28, 2021) (finding a prisoner's appeals to other authorities outside the grievance procedures did not satisfy PLRA's exhaustion requirement); *Zebrowski v. U.S. Fed. Bureau of Prisons*, 558 F. App'x 355, 360 (5th Cir. 2014) (finding prisoner's letter sent to senator irrelevant for exhaustion purposes).

e.   <u>An administrative remedy was available</u>

In response to Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, Plaintiff alleged that the ARP was unavailable to him. "[A] grievance process is rendered unavailable when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation." *Ross,* 136 S.Ct. at 1860. The burden of showing unavailability rests with the plaintiff. *Valentine,* 978 F.3d at 161. Plaintiff asserts that

> [i]n addition, a plaintiff may also be justified in failing to exhaust the correct procedures because of the officers' threats and intimidations. The plaintiff wrote or filed a grievance just days before the incident and the plaintiff was retaliated by shaking down. Besides, the officers threatened the life of the plaintiff. *See Turner v. Burnside,* 541 F.3d 1077, 1085 (11th Cir. 2008); *Kaba v. Stepp,* 458 F.3d 678, 684-85 (7th Cir. 2000); *Hernandez v. Schriro,* 2006 WL 2989030, *4 (D.Ariz., Oct. 18, 2006); *James v. Davis,* 2006 WL 2171082 *16-17 (D.S.C. July 31, 2006); *Stanley v. Rich,* 2006 WL 1549114, *2 (S.D. Ga., June 1, 2006). All these cases state that threats of violent reprisal may, in some circumstances, render administrative remedies unavailable or otherwise justify an inmate's failure to pursue them.
>
> . . . .
>
> In *Harper v. Showers,* 174 F.3d 716, 720 (5th Cir. 1999), the Court held that allegations of searches for no purpose but harassment raised a non-frivolous 8th Amendment claim. Also it is apparent that the plaintiff complained about his medication in a sick call. Officers Keys and Houston searched the plaintiff for no reason and just to retaliate against the plaintiff for complaining. In *Wright v. Newsome,* 795 F.2d 954, 968 (11th Cir. 1985), the Court held that the allegations that cell searches and seizures were done in retaliation for lawsuits and grievances stated a constitutional claim.

[44] at 3.

The issue of what an inmate must show to prove that intimidation by prison administrators rendered the grievance process effectively unavailable has been

addressed by other Courts of Appeal, but the parties have not provided, and the Court has not found, precedent from the Fifth Circuit on this point. The Third, Ninth, Tenth, and Eleventh Circuits agree that an inmate must show an objective and subjective component – (1) the threat was sufficiently serious that it would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance, and (2) the threat actually did deter this particular inmate. *See Rinaldi v. United States*, 904 F.3d 257, 269 (3d Cir. 2018); *McBride v. Lopez*, 807 F.3d 982, 987-88 (9th Cir. 2015), *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011); *Turner v. Burnside*, 541 F.3d 1077, 1084-86 (11th Cir. 2008). Plaintiff relies on the Eleventh Circuit's decision in *Turner*.

Plaintiff's unavailability argument fails on the objective prong because the allegations are vague, unsubstantiated, conclusory, and inconsistent. *See Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial"); *Shaffer v. Williams,* 794 F.2d 1030, 1033 (5th Cir. 1986) ("[C]onclusory allegations supported by a conclusory affidavit will not suffice to require a trial."); *Broadway v. Montgomery*, 530 F.2d 657, 660 (5th Cir.1976) (nonmovant's affidavit reciting unsupported, conclusory allegations insufficient to avoid summary judgment).

First, Plaintiff submits that he "wrote or filed a grievance just days before the incident and the plaintiff was retaliated by shaking down. Besides, the officers

threatened the life of the plaintiff." [44] at 3. Then, he states that he "complained about his medication in a sick call. Officers Keys and Houston searched the plaintiff for no reason and just to retaliate against the plaintiff for complaining." *Id.* Finally, he asserts that "other inmates warned [him] of complaining about officers because the officers will call and bring K9 to the zone." [44-1] at 1. These unclear and inconsistent statements are the sum of the factual basis supporting Plaintiff's unavailability argument and are insufficient to create a material fact issue as to whether the alleged threats were sufficiently serious to deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance. *See Lebron v. Anders*, No. 7:20-CV-524, 2021 WL 4227770, at *5 (W.D. Va. Sept. 16, 2021) (granting summary judgment where inmate made vague references to threats and fears about his personal safety).

Plaintiff's unavailability argument fails on the subjective prong too. Plaintiff has admitted conduct that shows he was not actually deterred from notifying those at SMCI about his complaints. He complained to Superintendent Mills by "hand mail," his "case manger [sic]," and "the captain at duty." [1] at 8, [44] at 2, [44-1] at 2. He had both his wife and lawyer call SMCI. [44] at 2. He even complained directly to Officers Keys and Houston, the two officers he now alleges thwarted his use of the grievance process through intimidation. *Id.*

In sum, this is not a situation where a prisoner, through no fault of his own, was prevented from availing himself of the grievance procedure. It is a situation where an inmate simply did not follow the proper procedures for submitting a

grievance despite having a fair, reasonable opportunity to apprise himself of those procedures. The ARP provided Plaintiff a route to file a sensitive matter grievance if he believed his safety or well-being would be jeopardized, and he did not properly pursue it. *See Hancock v. LaFave,* No. 7:20CV00687, 2022 WL 726913, at *5 (W.D. Va. Mar. 10, 2022) (finding inmate's failure to submit sensitive remedy request was evidence that a grievance process was available); *Lebron v. Anders*, No. 7:20-CV-524, 2021 WL 4227770, at *5 (W.D. Va. Sept. 16, 2021) (same); *Knutson v. Hamilton*, No. 7:20-CV-00455, 2021 WL 4163981, at *4 (W.D. Va. Sept. 13, 2021) (same); *Rodrigues v. Hamilton*, No. 7:20-CV-00338, 2021 WL 413530, at *5 (W.D. Va. Feb. 5, 2021) (same).

C. Plaintiff's Requests to Amend the Complaint

In three of his filings [29] [37] [44], Plaintiff requests to amend his December 2020 Complaint. Federal Rule of Civil Procedure 15(a) "requires a trial court to grant leave to amend freely, and the language of the rule evinces a bias in favor of granting leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (internal citations and quotation marks omitted). "A district court must possess a 'substantial reason' to deny a request for leave to amend." *Id.* (quoting *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).

Plaintiff desires to add another claim against Officer Houston and Superintendent Mills because they purportedly searched his rack on August 26, 2021, scattered his paperwork, and "threw . . . my Holy Quran to the trash can which is a humiliation to me." [29] at 1. Plaintiff desires to add Officer Kimberly Greene as an

additional defendant, claiming that in June 2021, she charged him with a rule violation for making a three-way call on the wall phone when she knew other prisoners were allowed to make three-way calls. [29] at 1, [44-1] at 3. Plaintiff requests to add claims based on the "sudden stoppage of my snack bags and blood sugar daily check," submitting that he "wrote ARPs" about these grievances in November 2021 "but they didn't answer." [44-1] at 4. Plaintiff requests to add a claim based on the allegation that "Lauderdale County Jail sent SMCI the plaintiff's presentence report but SMCI did not apply the presentence report time to the plaintiff parole time to speed up the plaintiff release." [37] at 2.

The Fifth Circuit has discouraged "creative joinder of actions" in PLRA cases because it circumvents the PLRA's filing fee requirements and the possibility of obtaining a "strike" under the PLRA's three-strike provision. *Patton v. Jefferson Corr. Ctr.,* 136 F.3d 458, 464 (5th Cir. 1998). Plaintiff should not be allowed to amend his Complaint to pursue in one lawsuit a laundry list of complaints regarding several different, unrelated occurrences because it would thwart the purpose of the PLRA, which is to curb frivolous prisoner litigation. Plaintiff's proposed claim about the calculation of his sentence is completely unrelated to the claims in the Complaint, as are Plaintiff's proposed claims about snack bags, daily blood sugar checks, and the wall phone. While the claims in the Complaint are based on alleged searches of Plaintiff and his belongings in 2020, the proposed new "search" claim against Superintendent Mills and Officer Houston is based on an alleged search that occurred on August 26, 2021, about a year later.

18

Plaintiff also should not be allowed to amend to add claims based on incidents allegedly occurring in 2021 because he filed his Complaint in December 2020, and it is chronologically impossible for Plaintiff to have exhausted administrative remedies for claims arising after December 2020. The proposed claims based on incidents occurring in 2021 should not be added because they would be subject to dismissal pursuant to 42 U.S.C. § 1997e(a). *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (finding a court can dismiss a claim sua sponte "predicated on failure to exhaust, if the Complaint itself makes clear that the prisoner failed to exhaust"); *Kennedy v. Carson*, No. 4:14-CV-77-DMB-DAS, 2015 WL 1650223, at *3 (N.D. Miss. Apr. 14, 2015) (denying prisoner's motion to amend claims that were unexhausted based on the face of the motion to amend).

D.  Plaintiff's Motion for Time Enlargement [49] should be denied

On April 13, 2022, Plaintiff filed a second Motion requesting discovery, maintaining that Defendants failed to respond to his discovery requests. [49] at 1. Plaintiff did not attach to his Motion the written discovery he claimed to have propounded to Defendants nor describe that discovery. Plaintiff simply asked for discovery, without identifying the discovery he purportedly needs to overcome Defendants' exhaustion defense. Federal Rule of Civil Procedure 56(d) provides that

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

19

A request for a continuance for additional discovery requires an explanation for why additional discovery is needed and "how the additional discovery will create a genuine issue of material fact." *Meadows v. Latshaw Drilling Co.*, L.L.C., 866 F.3d 307, 314 (5th Cir. 2017). Over seven months have passed since the Court allowed Plaintiff time to conduct discovery, and Plaintiff has not come forward with any additional evidence to support his Response to Defendants' Motion for Summary Judgment. Plaintiff has not given the Court an indication of what discovery he believes he needs or how that discovery might help him overcome Defendants' exhaustion defense. Plaintiff's Motion for Time Enlargement [49] should be denied. *See Thoele v. Collier*, No. 20-50666, 2022 WL 703189, at *3 (5th Cir. Mar. 9, 2022) (finding "discovery could not help [prisoner] overcome [prison's] exhaustion defense); *Stilley v. Garland*, No. 21-60022, 2022 WL 1568363, at *3 (5th Cir. May 18, 2022) (finding no abuse of discretion in denying discovery where prisoner did not explain the likely relevance).

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion of Contineous [sic] Constitutional Violation" [29] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's requests to amend the Complaint contained in Plaintiff's "Continuous Violation of Constitutional Rights" [37] and Response [44] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies" [33] is

**GRANTED**. All remaining claims against all remaining Defendants are dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Time Enlargement [49] is **DENIED**.

**SO ORDERED**, this the 23rd day of September, 2022.

*s/ Bradley W. Rath*

HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE